UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL E. GILL, et al.,

       Plaintiff,

vs.

BAUSCH & LOMB SUPPLEMENTAL RETIREMENT
INCOME PLAN, et al.,

       Defendants.

CORRECTED
DECISION AND ORDER
09-CV-6043

_____

**APPEARANCES**

For Plaintiffs:                     Harold A. Kurland, Esq.
                                     Hildreth J. Schenk Martinez, Esq.
                                     Ward, Norris, Heller & Reidy LLP
                                     300 State Street, 6th Floor
                                     Rochester, NY 14614
                                     (585) 454-0717

For Defendants:                  David Rothenberg, Esq.
                                     Geiger & Rothenberg, LLP
                                     45 Exchange Street, Suite 800
                                     Rochester, NY 14614
                                     (585) 232-1946

                                     Howard Shapiro, Esq.
                                     Proskauer Rose LLP
                                     650 Poydras Street, Suite 1800
                                     New Orleans, LA 70130
                                     (504) 310-4088

## INTRODUCTION

**Siragusa, J**. This case, brought under the Employee Retirement Income Security Act of 1974 ("ERISA") case is before the Court on Defendants' motion (Docket No.10) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the application is granted in part and denied in part.

## BACKGROUND

Plaintiffs are former officers and senior executives of Bausch & Lomb Incorporated ("B&L") and retired participants in the B&L Supplemental Retirement Income Plan I ("SERP I" or "Plan"). The Plaintiffs filed the subject complaint on January 29, 2009, alleging in Count One that their benefits were wrongfully reduced by the Plan and, in Count Two, that the Plan Administrator failed to provide requested information as required by 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. § 2560.503-1. They allege, *inter alia*, that "[i]n accordance with 29 U.S.C. § 1132(a)(1)(B), plaintiffs are entitled to recover from defendants the benefits rightfully due them under SERP I …." (Compl. ¶87.)

Defendants filed their motion to dismiss on March 30, 2009. In that application, they contend as follows: that Count One of the Complaint should be dismissed against B&L and the Compensation Committee of B&L's Board of Directors; that Count Two should be dismissed as against B&L and the Plan; that the Plan Administrator's decision to pay a lump sum upon B&L's acquisition by Warburg Pincus was not arbitrary and capricious and should not be disturbed; and that the documents Plaintiffs sought pursuant to § 1132(c)(1)(B) and 29 C.F.R. § 2560.503-1 "are not encompassed within the statutory language at issue." (Def.'s Mem. of Law, at 21)

## STANDARDS OF LAW

The U.S. Supreme Court, in *Bell Atl. Corp. v. Trombly*, 550 U.S. 544 (2007), clarified standard to be applied to a 12(b)(6) motion:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65. (citations and internal quotations omitted.) *See also, ATSI Communications, Inc. V. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Trombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (indicating that *Bell Atl. Corp. v. Twombly* adopted a "flexible 'plausability standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,[: as opposed to merely conceivable.). When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations on the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1092 (2d Cir. 1995) (citing *In re American Express Co. V.*

*Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir. 1994)).

Defendants have relied upon documents outside the complaint in support of their positions. As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the complaint." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). When the parties reply on papers outside the Complaint in conjunction with a motion under Rule 12(b)(6), the Court must either choose to exclude the additional materials, or convert the motion into one for summary judgment and consider the extraneous papers. *See* Fed. R. Civ. P. (12(c); 2 MOORE'S FEDERAL PRACTICE, § 12.34[3][a] Matthew Bender 3d ed.).

**ANALYSIS**

The Court will address Defendants' arguments in the order which they are presented in Defendants' memorandum of law filed in support of their motion. At the outset, however, the Court just address how it will consider the papers relied upon by Defendants which are not a part of the complaint, the so-called Administrative Record.

*Administrative Record*

Defendants have provide the Court with 513 pages of what they have labeled the Administrative Record. In that collection of papers is a declaration from Nicole A. Eichberger, an associate at the law firm of Proskauer Rose, LLP, counsel for Defendants. Ms. Eichberger lists the papers included in the Administrative Record and contends that they are incorporated into the Complaint in paragraphs 50-69, 74-78 and 89-91.

(Eichberger Decl. ¶2.) The Administrative Record includes not only a copy of the Plain, but many items of correspondence between counsel for the Plan and Plaintiffs' counsel, as well as correspondence from B&L regarding its position on the issue now before the Court. While the Court finds that some of these papers have been incorporated, *e.g.*, the Plan document, Plaintiffs' argue that they have never before seen some of the documents in the Administrative Record and, therefore, could not have relied on them in drafting the Complaint. In *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), the Second Circuit emphasized that, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a *necessary prerequisite* to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Accordingly, while conducting its analysis of Defendant's contentions, as detailed below, the Court will indicate the papers from the Administrative Record upon which it relied and why it believes that Plaintiffs relied on the papers in drafting their complaint.

*Proper Parties*

Defendants' contend that the corporation and the compensation committee of B&L's board of directors are not proper parties. (Def.s' Mem. of Law, at 12.) ERISA provides that an employee benefit plan may be sued as an entity. 11 U.S.C. § 1132(d) (2009). In *Yoon v. Fordham Univ. Faculty & Admin. Ret. Plan*, No. 05-0173-cv, 173 Fed. Appx. 936 (2d Cir. Apr. 14, 2006), the Court of Appeals wrote:

> Yoon sues Fordman under ERISA Sections 501(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3). His Section 501(a)(1)(B) claim against Fordham is precluded by our holdings in *Crocco v. Xerox Corp.*, 137 F.3d 105 (2d Cir. 1998), and *Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir. 1989). In *Leonelli*, we ruled that "in a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may

be held liable." 887 F.2d at 1199. In *Crocco*, we held that this principle applied even if the employer is "a de facto co-administrator" of the plain. 137 F.3d 107.

*Yoon*, 173 Fed. Appx. at 940-41. In their complaint, Plaintiffs allege that since, SERP I does not identify a person as the Plan Administrator, the plan sponsor, by operation of 29 U.S.C. § 1002(16)(A)(ii), is the administrator. Consequently, they contend that B&L is the Plan Administrator. (Compl. ¶11-13.) Further, they allege that in 2005 and 2006, the Plan filed annual reports with the Department of Labor, which identified B&L as the Plan Administrator. (Compl. ¶14.) In support of their position, Plaintiffs rely on a Middle District of Florida case in which the court there determined that dismissal was inappropriate, writing that:

> Plaintiff counters that the SPD specifically names CAL as the plan administrator . . . . Without discovery, Plaintiff contends that there is not sufficient information to determine exactly who the plan administrator is at this time, and as such, the Court should not dismiss Plaintiff's claims against CAL.
>
> The Court agrees with Plaintiff that dismissal is not appropriate at this time, since Plaintiff has alleged that CAL is the plan administrator and the plan documents currently before this Court seem to substantiate that claim.

*Creighton v. Cont'l Airlines*, 321 F. Sup. 2d 1309, 1311 (M.D. Fla. 2004). The Court notes that the SERP I document in Defendants' submissions, at BL-AR 000318, states that the Plan Administrator is the "Vice President of Human Resources of the Company," or

such other employees as the Committee[1] may from time to time designate"

---

[1] "Committee" is defined in the Plan as "the Committee on Management of the Board of Directors." (BL-AR 000317.) Board of Directors is not defined in the Plan. (*Id.*) Defendants assert that the Board appointed the Compensation Committee as Plan Administrator; however, Plaintiffs counter that Defendants have not amended the Plan to change the named administrator. (Def.s' Mem. of Law, at 4; Pl.s' Mem. of Law, at 11.)

and that the Committee, unless prevented by the Board, "shall have authority and discretion to select Participants in the Plan, determine the rights and benefits of Participants under the Plain, establish from time to time regulations for the administration of the Plan, interpret the Plan, and make all determinations deemed necessary or desirable for the administration of the Plan.

(BL-AR 000022-23.) The Court relies on the above information on the presumption that Plaintiffs used the Plan document to draft their complaint. In light of the language of this part of the Plan, the Court agrees with the rationale in *Creighton* that, absent discovery, it would be premature to dismiss B&L and the compensation committee from Count One.

### *Count One, Benefit Claim*

Defendants also argue that the Court should dismiss Count One because the Plan Administrator's denial of the relief sought by Plaintiffs was not arbitrary and capricious, and, thus, must be upheld. (Def.s' Mem. of Law, at 14-19.) Putting aside the question of the identity of the proper Plan Administrator for a moment, and assuming that the Plan vests the Plan Administrator with the discretion contemplated by the Supreme Court in its decision, *Firestone Tire & Rubber Co. v. Bruch*, 484 U.S. 101, 115 (1989), the Court is persuaded that Plaintiffs' allegations of a conflict of interest cannot be decided at this state of the litigation. If the Plan Administrator was influenced by a conflict of interest, as is alleged here (Compl. ¶¶83-84), then the Court must take that into account. However, the standard of review remains deferential. *Metropolitan Life Ins. Co. V. Glenn*, _ U.S. __, 128 S. Ct. 2343, 2351 (2008). Only after discovery will the parties and, hence, the Court be was a abuse of discretion. Accordingly, at this stage, dismissal would be premature.

### *Count Two, Failure to Provide Relevant Documents Claim*

Defendants also argue that Plaintiffs' Count Two, a claim that the Plan failed in its

obligations under 29 U.S.C. § 1132(c)(1)(B) and 29 C.F.R. § 2560.503.1, should be dismissed. (Def.s' Mem. of Law, at 19-21.) Further, they argue that the only proper party is the Plan Administrator. (Def.s' Mem. of Law, at 13.) The Court has already determined that the allegations against B&L as a corporate entity are plausible in light of the confusion over who the Plan Administrator is. The Court agrees, though, that the Plan itself is not a proper party for Count Two. 29 U.S.C. § 1132(c). However, as Plaintiffs' point out in their memorandum of law, under Count Two, they have made claims only against B&L and the Plan Administrator, not the Plan. (Pl.s' Mem. of Law, at 25 n.6; Compl. ¶¶ 25, 89-92.)

Defendants further contend that the documents Plaintiffs sought from the Plan Administrator through this statutory provision amounted to "discovery beyond that provided for in the reporting and disclosure statute and the governing claims regulations" and that, therefore, the penalty provision of § 1132(c)(1) which Plaintiffs seek to invoke does not apply. (Def.s' Mem. of Law, at 21.) On this point, the Court's research has located cases in which other courts have declined to allow § 1132(c)(1)'s statutory per-day penalty to apply to violations of 29 C.F.R. § 2560.503.1. *See, e.g., Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310 (10th Cir. 1991) (even though the defendant violated 29 C.F.R. § 2560.503.1, "ERISA does not provide a private cause of action for damages to compensate a pensioner for delay." *Ranke v. Sanofi-Synthelabo, Inc.*, No. 04-1618, 2004 U.S. Dist. LEXIS 22427, 21-22 (E.D. Pa. Nov. 2, 2004) ("Plaintiffs cannot seek to impose § 502(c)[2] penalties for violation of a regulation, 29 C.F.R. 2560.503-1(h)(2)(iii), especially one imposing requirements on plans rather than administrators.").

---

[2]ERISA §502 is codified at 29 U.S.C. § 1132.

In pertinent part, ERISA provides as follows:

(c) Administrator's refusal to supply requested information; penalty for failure to provide annual report in complete form.

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 per day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, such violation . . . described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

29 U.S.C. § 1132. ERISA section 104(b)(4), 29 U.S.C. § 1024(b)(4), requires the following to be disclosed:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, *or other instruments under which the plan is established or operated.*

29 U.S.C. § 1024(b)(4) (emphasis added). As to the "other instruments" language, the Second Circuit, in *Board of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 144 (2d Cir. 1997), wrote that "the legislative history does not persuade us that the 'instruments' referred to in § 104(b)(4) encompass more than governing documents." Plaintiffs maintain that the Plan Administrator has failed to provide the following information, which they allege they have requested on numerous occasions:

> (a) all documents showing the calculations and assumptions used in making the cash lump sum payments to plaintiffs; (b) all communications with consultants and the Trustee relating to the determinations made concerning plaintiffs' rights and benefits under SERP I; ( c) all documents on which the Plan administrator relied in making its benefit determinations; (d) all

documents that were submitted, considered, or generated in the course of making such benefits determinations; and (e) all documents that demonstrate whether such benefits determinations were made in compliance with required administrative processes and safeguards.

(Compl. ¶89.) The Court concludes, based upon the applicable statutory and case law, that Plaintiffs have not made a plausible claim under § 1132(c)(1)(B), and, accordingly, Defendant's motion to dismiss Count Two must be granted.

## CONCLUSION

For the reasons stated above, Defendants' motion (Docket No. 10) to dismiss Plaintiffs' complaint is granted in part, and denied in part. Count Two of the complaint is dismissed, and Count One may go forward as plead.

IT IS SO ORDERED.

Dated: September 25, 2009
Rochester, New York

ENTER.

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge