# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel E. Gill, Thomas C. McDermott, and Jay T. Holmes,<br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Bausch & Lomb Supplemental Retirement Income Plan I, Bausch & Lomb Incorporated, and Compensation Committee of the Bausch & Lomb Board of Directors,<br>　　　　　　　　　　Defendants. | Civil Action No. 09-CV-6043 CJS |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants Bausch & Lomb Supplemental Retirement Income Plan I, Bausch & Lomb Incorporated, and Compensation Committee of the Bausch & Lomb Board of Directors (collectively, "Defendants"), through undersigned counsel, answer Plaintiffs' Complaint as follows:

## NATURE OF THE ACTION[1]

1.　　To the extent Plaintiffs assert the legal basis for this action, no answer from Defendants is required to Paragraph 1 of the Complaint. Defendants deny the remaining allegations of Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.　　Defendants admit the allegations contained in Paragraph 2 of the Complaint.

---

[1] For reference purposes, the Defendants utilize the same headings as Plaintiffs in responding to the Complaint. Defendants' use of such headings is not an admission by Defendants of the truth of any allegations contained in these headings, and they specifically deny any allegations contained in such headings.

3. Defendants admit that venue is proper pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because the Bausch & Lomb Supplemental Retirement Income Plan I (the "Plan") was administered in this district, but deny the remaining allegations contained in Paragraph 3 of the Complaint.

## THE PARTIES

4. On information and belief, Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. On information and belief, Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. On information and belief, Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. To the extent Paragraph 9 of the Complaint characterizes the Plan and the Trusts, Defendants submit that the Plan and the Trusts are themselves the best evidence of their content. Defendants admit that Bausch & Lomb Incorporated ("B&L") is the Plan Sponsor, but deny the remaining allegations contained in Paragraph 9 of the Complaint.

## PLAN ADMINISTRATOR

10. No response is required to the legal conclusions contained in Paragraph 10 of the Complaint. To the extent a response is required, Defendants admit a claim for benefits may be brought against the Plan, but deny that the Plan Administrator is a proper party Defendant.

11. No response is required to the legal conclusions contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. No response is required to the legal conclusions contained in Paragraph 13 of the Complaint. To the extent a response is required, Defendants deny the remaining the allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 of the Complaint characterizes the Plan's 2005 and 2006 Annual Reports filed with the Department of Labor, Defendants submit that the Plan's 2005 and 2006 Annual Reports are themselves the best evidence of their content. Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that B&L is the Plan Sponsor, but deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit that the Compensation Committee is the Plan Administrator with the authority to interpret and to resolve disputes under the Plan, but deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. To the extent Paragraph 19 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants deny the remaining allegations contained in the Complaint.

20. To the extent that Paragraph 20 characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants deny the remaining allegations contained in the Complaint.

21. To the extent that Paragraph 21 of the Complaint characterizes the "Bausch & Lomb Supplemental Retirement Income Plan I ERISA Section 503 Procedures" (the

"Procedures"), Defendants submit that the Procedures are themselves the best evidence of their content.  Defendants deny the remaining allegations contained in the Complaint.

22. No response is required to the legal conclusions contained in Paragraph 22 of the Complaint.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 of the Complaint characterizes the Procedures, Defendants submit that the Procedures are themselves the best evidence of their content.  Defendants admit that the Compensation Committee is the Plan Administrator.

24. Defendants admit that the Compensation Committee is the Plan Administrator, but deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that the Compensation Committee is the Plan Administrator, but deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit that the Compensation Committee is the Plan Administrator and a fiduciary under the Plan, but deny the remaining allegations contained in Paragraph 26 of the Complaint.

## FACTS

**Plaintiffs' SERP I Benefits**

27. No response is required to the factual characterizations contained in Paragraph 27 of the Complaint.  To the extent Paragraph 27 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content and deny any remaining allegations contained in Paragraph 27 of the Complaint.

28. To the extent Paragraph 28 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content and deny any remaining allegations contained in Paragraph 28 of the Complaint.

29.     To the extent Paragraph 29 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content and deny any remaining allegations contained in Paragraph 29 of the Complaint.

30.     To the extent that Paragraph 30 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content.  Defendants admit that the Plan requires the establishment and maintenance of a separate, irrevocable secular trust (collectively, the "Trusts") for each vested Plan participant, but deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.     To the extent that Paragraph 31 of the Complaint characterizes the Plan and the Trusts, Defendants submit that the Plan and Trusts are themselves the best evidence of their content.  Defendants admit that the Plan requires B&L to make periodic contributions to the Trusts in accordance with terms of the Plan and the Trusts, but deny the remaining allegations contained in the Complaint.

32.     No response is required to the legal conclusions contained in Paragraph 32 of the Complaint.  To the extent a response is required and Paragraph 32 of the Complaint characterizes the Trusts, Defendants submit that the Trusts are themselves the best evidence of their content.  Defendants admit that the Trusts are separate, irrevocable secular trusts, but deny the remaining allegation contained in Paragraph 32 of the Complaint.

33.     To the extent Paragraph 33 of the Complaint characterizes the Plan and the Trusts, Defendants submit that the Plan and the Trusts are themselves the best evidence of their content.  Defendants admit that the Plan contains a reversion provision, but deny the remaining allegations contained in Paragraph 33 of the Complaint.

34. No response is required to the legal conclusions contained in Paragraph 34 of the Complaint. To the extent a response is required and Paragraph 34 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants admit that Plaintiffs are Plan participants, but deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. To the extent Paragraph 35 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36. To the extent Paragraph 36 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent Paragraph 37 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. On information and belief, Defendants admit that Plaintiff Gill retired from B&L in January 1996 and began receiving monthly payments in accordance with the Plan's terms. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. On information and belief, Defendants admit that Plaintiff McDermott retired from B&L in July 1993 and began receiving monthly installments in accordance with the Plan's terms. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. On information and belief, Defendants admit that Plaintiff Holmes retired from B&L in August 1997 and began receiving monthly installments in accordance with the Plan's terms. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit that Plaintiffs received monthly installments in accordance with the Plan's terms, but deny the remaining allegations contained in Paragraph 41 of the Complaint.

**The Warburg Acquisition**

42. To the extent Paragraph 42 of the Complaint characterizes B&L's announcement made on May 16, 2007, Defendants submit that B&L's May 16, 2007 announcement is itself the best evidence of its content, and deny any remaining allegations contained in Paragraph 42 of the Complaint as phrased.

43. To the extent Paragraph 43 characterizes correspondence dated September 19, 2007 among B&L and the Plaintiffs, Defendants submit that the September 19, 2007 correspondence are themselves the best evidence of their content.

44. To the extent Paragraph 44 characterizes correspondence dated September 19, 2007 among B&L and the Plaintiffs, Defendants submit that the September 19, 2007 correspondence are themselves the best evidence of their content. Defendants admit that Plaintiffs received lump sum payments in accordance with the Plan's terms on October 5, 2007, but deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. To the extent Paragraph 45 characterizes correspondence dated September 19, 2007 among B&L and the Plaintiffs, Defendants submit that the September 19, 2007 correspondence are themselves the best evidence of their content. Defendants admit that Plaintiffs received lump sum payments in accordance with the Plan's terms on October 5, 2007, but deny the remaining allegations contained in Paragraph 45 of the Complaint.

46. No response is required to the factual characterizations contained in Paragraph 46 of the Complaint. To the extent a response is required, Defendants admit that the B&L

shareholders voted to approve the Warburg Pincus acquisition on September 21, 2007 and that the Warburg Pincus acquisition was completed on October 26, 2007.

47. To the extent that Paragraph 47 of the Complaint characterizes any B&L correspondence dated October 3, 2007 to the trustee of the Trusts, Defendants submit that the October 3, 2007 correspondence is itself the best evidence of its content. Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. No response is required to the factual characterizations contained in Paragraph 48 of the Complaint. To the extent a response is required, Defendants admit that Plaintiffs received lump sum payments in accordance with the Plan's terms on October 5, 2007, but deny the remaining allegations contained in Paragraph 48 of the Complaint.

49. No response is required to the legal conclusions contained in Paragraph 49 of the Complaint. To the extent a response is required, Defendants admit that Plaintiffs received lump sum payments in accordance with the Plan's terms on October 5, 2007, but deny the remaining allegations contained in Paragraph 49 of the Complaint.

**Plaintiffs' Claims for Benefits under the Plan**

50. To the extent Paragraph 50 of the Complaint characterizes correspondence on October 5, 2007 from Plaintiffs' counsel, or any other part of the administrative record, Defendants submit that the October 5, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs' objected to their October 5, 2007 lump sum payments, but deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. To the extent Paragraph 51 of the Complaint characterizes correspondence on October 5, 2007, or any other part of the administrative record, Defendants submit that the

October 5, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content.  Defendants admit that Plaintiffs' objected to their October 5, 2007 lump sum payments, but deny the remaining allegations contained in Paragraph 51 of the Complaint.

52.     No response is required to the factual characterizations contained in Paragraph 52 of the Complaint.  To the extent a response is required, Defendants admit that Plaintiffs received lump sum payments in accordance with the Plan's terms on October 5, 2007, but deny the remaining allegations contained in Paragraph 52 of the Complaint.

53.     To the extent Paragraph 53 of the Complaint characterizes B&L correspondence to Plaintiffs dated October 11, 2007, or any other part of the administrative record, Defendants submit that the October 11, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content.  Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.     To the extent Paragraph 54 of the Complaint characterizes B&L correspondence to Plaintiffs dated October 17, 2007, or any other part of the administrative record, Defendants submit that the October 17, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content.  Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55.     To the extent Paragraph 55 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants submit that the November 1, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content.  Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim

review procedures provided therein, but deny any remaining allegations contained in Paragraph 55 of the Complaint.

56. To the extent Paragraph 56 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007 and the administrative record, Defendants submit that the November 1, 2007 correspondence and the administrative record are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 56 of the Complaint.

57. To the extent Paragraph 57 of the Complaint characterizes the Plan, or any other part of the administrative record, Defendants submit that the Plan, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 57 of the Complaint.

58. To the extent Paragraph 58 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants submit that the November 1, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 58 of the Complaint.

59. To the extent Paragraph 59 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants

submit that the November 1, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 59 of the Complaint.

60. To the extent Paragraph 60 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants submit that the November 1, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 60 of the Complaint.

61. To the extent Paragraph 61 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants submit that the November 1, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs were informed that the Plan was subject to ERISA § 503, 29 U.S.C. § 1133, and the required claim review procedures provided therein, but deny any remaining allegations contained in Paragraph 61 of the Complaint.

62. To the extent Paragraph 62 of the Complaint characterizes B&L correspondence to Plaintiffs dated November 1, 2007, or any other part of the administrative record, Defendants submit that the November 1, 2007 correspondence, or any other part of the administrative record,

are themselves the best evidence of their content. Defendants deny any remaining allegations contained in Paragraph 58 of the Complaint.

63. To the extent Paragraph 63 of the Complaint characterizes Plaintiffs' correspondence dated November 28, 2007, or any other part of the administrative record, Defendants submit that the November 28, 2007 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs submitted their formal claim for benefits under the Plan on November 28, 2007 and the formal claim was submitted to the Committee on Management and any successor to it, but deny any remaining allegations contained in Paragraph 63 of the Complaint.

64. To the extent Paragraph 64 of the Complaint characterizes correspondence on January 2, 2008, or any other part of the administrative record, Defendants submit that the January 2, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that the Compensation Committee retained outside counsel to advise them in their role as Plan Administrator, who has the authority to interpret and to resolve disputes under the Plan, in deciding Plaintiffs' claim for benefits, but deny the remaining allegations contained in Paragraph 64 of the Complaint.

65. No response is required to the factual characterizations contained in Paragraph 65 of the Complaint. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. To the extent Paragraph 66 of the Complaint characterizes correspondence on January 7, 2008, or any other part of the administrative record, Defendants submit that the January 7, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that B&L, through its counsel, submitted its

position on Plaintiffs' claim for benefits, but deny the remaining allegations contained in Paragraph 66 of the Complaint.

67. To the extent Paragraph 67 of the Complaint characterizes correspondence on January 15, 2008, or any other part of the administrative record, Defendants submit that the January 15, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs, through their counsel, submitted additional arguments in support of their claim for benefits on January 15, 2008, but deny the remaining allegations contained in Paragraph 67 of the Complaint.

68. To the extent Paragraph 68 of the Complaint characterizes correspondence on February 15, 2008, or any other part of the administrative record, Defendants submit that the February 15, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that B&L through its counsel submitted correspondence on February 15, 2008 to the Compensation Committee as Plan Administrator, but deny the remaining allegations contained in Paragraph 68 of the Complaint.

69. To the extent Paragraph 69 of the Complaint characterizes correspondence on February 25, 2008, or any other part of the administrative record, Defendants submit that the February 25, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that a copy of the Procedures were sent to Plaintiffs in February 2008, but deny the remaining allegations contained in Paragraph 69 of the Complaint.

70. To the extent that Paragraph 70 of the Complaint characterizes the Procedures, Defendants submit that the Procedures are themselves the best evidence of their content.

Defendants admit that a copy of the Procedures were sent to Plaintiffs in February 2008, but deny the remaining allegations contained in Paragraph 70 of the Complaint.

**Conflict of Interest**

71. No response is required to the legal conclusions contained in Paragraph 71 of the Complaint. To the extent a response is required, Defendants admit that the Compensation Committee is a fiduciary under the Plan and its members serve on B&L's Board of Directors, but deny the remaining allegations contained in Paragraph 71 of the Complaint.

72. No response is required to the factual characterizations and legal conclusions contained in Paragraph 72 of the Complaint. To the extent a response is required and Paragraph 72 of the Complaint characterizes the Plan, Defendants submit that the Plan is itself the best evidence of its content and deny the remaining allegations contained in Paragraph 72 of the Complaint.

73. To the extent Paragraph 73 of the Complaint characterizes the Plan and the Trusts, Defendants submit that the Plan and the Trusts are themselves the best evidence of their content and deny the remaining allegations contained in Paragraph 73 of the Complaint.

**Denial of Claims**

74. To the extent Paragraph 74 of the Complaint characterizes correspondence on April 14, 2008, or any other part of the administrative record, Defendants submit that the April 14, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs' claim for benefits was denied on April 14, 2008, but deny the remaining allegations contained in Paragraph 74 of the Complaint.

75. To the extent Paragraph 75 of the Complaint characterizes correspondence on June 12, 2008, or any other part of the administrative record, Defendants submit that the June 12,

2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that Plaintiffs appealed the denial of the claim for benefits to the Compensation Committee on June 12, 2008, but deny the remaining allegations contained in Paragraph 75 of the Complaint.

76. To the extent Paragraph 76 of the Complaint characterizes correspondence on July 15, 2008, or any other part of the administrative record, Defendants submit that the July 15, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that the Compensation Committee invited B&L through its counsel to submit a response to Plaintiffs' benefit claim appeal, but deny any remaining allegations contained in Paragraph 76 of the Complaint.

77. To the extent Paragraph 77 of the Complaint characterizes correspondence on September 19, 2008, or any other part of the administrative record, Defendants submit that the September 19, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that that B&L through its counsel submitted correspondence to the Compensation Committee stating that under the Plan Plaintiffs' benefit claim appeal should be denied, but deny any remaining allegations contained in Paragraph 77 of the Complaint.

78. To the extent Paragraph 78 of the Complaint characterizes correspondence on December 11, 2008, or any other part of the administrative record, Defendants submit that the December 11, 2008 correspondence, or any other part of the administrative record, are themselves the best evidence of their content. Defendants admit that the Compensation Committee denied Plaintiffs' benefit claim appeal on December 11, 2008, but deny any remaining allegations contained in Paragraph 78 of the Complaint.

79. No response is required to the legal conclusions contained in Paragraph 79 of the Complaint. To the extent a response is required, Defendants deny the allegations contained in Paragraph 79 of the Complaint.

## CLAIM I

### (WRONGFUL REDUCTION OF PLAINTIFFS' BENEFITS)

80. To the extent an answer is required to Paragraph 80 of the Complaint, Defendants incorporate by reference their averments to Paragraphs 1 through 79 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

## CLAIM II

### (FAILURE TO PROVIDE RELEVANT DOCUMENTS)

88. To the extent a response is required to Paragraph 88 of the Complaint, Defendants incorporate by reference their averments in response to Paragraphs 1 through 87 of the Complaint.

89. No response is required to Paragraph 89 of the Complaint because on September 15, 2009, the Court dismissed Claim Two and the allegations contained therein. *See Gill, et al. v. Bausch & Lomb SERP I, et al.*, No. 09-6043, slip op. at 7-10 (W.D.N.Y. Sept. 15, 2009). To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

90. No response is required to Paragraph 90 of the Complaint because on September 15, 2009, the Court dismissed Claim Two and the allegations contained therein. *See Gill, et al. v. Bausch & Lomb SERP I, et al.*, No. 09-6043, slip op. at 7-10 (W.D.N.Y. Sept. 15, 2009). To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 90 of the Complaint.

91. No response is required to Paragraph 91 of the Complaint because on September 15, 2009, the Court dismissed Claim Two and the allegations contained therein. *See Gill, et al. v. Bausch & Lomb SERP I, et al.*, No. 09-6043, slip op. at 7-10 (W.D.N.Y. Sept. 15, 2009). To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92. No response is required to Paragraph 92 of the Complaint because on September 15, 2009, the Court dismissed Claim Two and the allegations contained therein. *See Gill, et al. v. Bausch & Lomb SERP I, et al.*, No. 09-6043, slip op. at 7-10 (W.D.N.Y. Sept. 15, 2009). To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 92 of the Complaint.

## **PRAYER FOR RELIEF**

No response is required to the factual characterizations and legal conclusions contained in the "Prayer for Relief." To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

Defendants further aver:

## **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any allegation of the Complaint not specifically admitted is hereby denied.

## THIRD DEFENSE

Based upon the unambiguous provisions of the Plan, Plaintiffs are not entitled to any relief with respect to their claim for additional benefits.

## FOURTH DEFENSE

B&L and the Compensation Committee may be entitled to dismissal as improper party defendants to a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), which permits suits to recover benefits against the Plan as an entity.

## FIFTH DEFENSE

Plaintiffs' claim is barred by estoppel, waiver, acquiescence, and/or ratification.

## SIXTH DEFENSE

Plaintiffs' Complaint should be dismissed because Defendants discharged their duties with respect to the Plan in accordance with ERISA and the documents and instruments governing the Plan.

## SEVENTH DEFENSE

Plaintiffs' claims may be subject to offset, as provided in the Plan.

**EIGHTH DEFENSE**

Plaintiffs' claims and legal theories may be barred for failure to exhaust administrative remedies under the Plan, as required by the relevant Plan provisions and ERISA.

**NINTH DEFENSE**

Any recovery in this case would be limited those remedies available under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**TENTH DEFENSE**

Pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), the Court should order that Plaintiffs pay Defendants' attorney fees and costs in this matter.

**ELEVENTH DEFENSE**

Plaintiffs claims are barred in whole or in part by the applicable statute of limitations, and/or by the equitable doctrine of laches.

**TWELFTH DEFENSE**

Defendants reserve the right to modify their Answer and/or to assert additional affirmative defenses should they become aware of additional defenses during the course of discovery, as set forth in *Fed.R.Civ.P.* 8.

WHEREFORE, having fully answered, Defendants pray that (i) the Complaint be dismissed in its entirety, with prejudice; (ii) that judgment herein be rendered against Plaintiffs and in favor of Defendants; and (iii) that pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1),

all costs be assessed against Plaintiffs and attorney's fees awarded to Defendants.

DATED this 29th day of September, 2009.

                                Respectfully submitted,
                                PROSKAUER ROSE LLP

By:   */s/ Howard Shapiro*
       Howard Shapiro (*admitted pro hac vice*)
       Nicole A. Eichberger (*admitted pro hac vice*)
       Proskauer Rose LLP
       650 Poydras Street, Suite 1800
       New Orleans, LA 70130
       Telephone: (504) 310-4088
       Fax: (504) 310-2022

                                --AND--

       */s/ David Rothenberg*
       David Rothenberg
       GEIGER AND ROTHENBERG, LLP
       800 Times Square Building
       45 Exchange Street
       Rochester, New York  14614
       Tel.:   (585) 232-1946

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of September, 2009, I served a copy of Defendants' Answer to Plaintiffs' Complaint via Electronic Case Filing upon all counsel of record.

       */s/ Nicole A. Eichberger*
       NICOLE A. EICHBERGER