# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Daniel E. Gill, Thomas C. McDermott, and Jay T. Holmes, | : |
| Plaintiffs, | : Civil Action No. 09-CV-6043 CJS MWP |
| | : |
| v. | : |
| | : |
| Bausch & Lomb Supplemental Retirement Income Plan I, Bausch & Lomb Incorporated, and Compensation Committee of the Bausch & Lomb Board of Directors, | : |
| Defendants. | : |
| | : |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR PROTECTIVE ORDER

David Rothenberg
GEIGER AND ROTHENBERG, LLP
800 Times Square Building
45 Exchange Street
Rochester, New York  14614
Tel.:   (585) 232-1946

Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger(*admitted pro hac vice*)
PROSKAUER ROSE LLP
650 Poydras St., Suite 1800
New Orleans, Louisiana  70130
Tel.:   (504) 310-4088

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................1

FACTS AND PROCEDURAL HISTORY ...........................................................................2

    I.    FACTUAL BACKGROUND. ...............................................................................2

    II.   PLAINTIFFS' CLAIM EXHAUSTION AND THE ADMINISTRATIVE RECORD........4

    III.  THE DISCOVERY DISPUTE.................................................................................5

ARGUMENT ............................................................................................................................6

    I.    THE MOTION TO COMPEL IS WITHOUT MERIT BECAUSE IT IMPROPERLY
        SEEKS TO EXPAND THE SCOPE OF DISCOVERY.......................................................6

        A.    The Limited Discovery Identified By Judge Siragusa Relating to the Identity
             of the Plan Administrator Has Been Closed By The Supplemental Document
             Production. ............................................................................................7

        B.    The Structural Conflict of Interest Alleged by Plaintiffs Does Not Warrant The
             Unlimited Additional Discovery They Seek. ...........................................9

        C.    Plaintiffs' Remaining Discovery Requests Do Not Relate To The Gaps
             Identified By Judge Siragusa. ...............................................................11

            1.    Plaintiffs' Requests For The Production Of Documents Warrant No
                 Further Response. .......................................................................12

            2.    Plaintiffs' Interrogatories Warrant No Further Response................17

    II.   A PROTECTIVE ORDER IS WARRANTED UNDER *FED. R. CIV. P.* 26(c). .................18

CONCLUSION.......................................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

### CASES

                                                                                                Page(s)

*Burgio v. Prudential Life Ins. Co. of Am.*,
  253 F.R.D. 219 (E.D.N.Y. 2008) .................................................................................6

*Campbell v. Chevron Phillips Chemical Co.*,
  587 F. Supp. 2d 773 (E.D. Tex. 2006) ......................................................................15

*Connors v. Conn. Gen. Life Ins. Co.*,
  272 F.3d 127 (2d Cir. 2001).................................................................................1, 7

*Dandridge v. Raytheon Co.*,
  2010 WL 376598 (D.N.J. 2010) ...............................................................................12

*Daniel v. UnumProvident Corp.*,
  261 F. App'x. 316 (2d Cir. 2008) .............................................................................19

*Denmark v. Liberty Life Assurance Co. of Boston*,
  566 F.3d 1 (1st Cir. 2009).................................................................................1, 18

*In re Fitch, Inc.*,
  330 F.3d 104 (2d Cir. 2003)........................................................................................6

*Ford v. Motorola, Inc.*,
  298 F. App'x. 560 (9th Cir. 2008) .............................................................................12

*Kagan v. Unum Provident*,
  2009 WL 3486938 (S.D.N.Y. Oct. 29, 2009) ......................................................7, 19

*Locher v. Unum Life Ins. Co.*,
  389 F.3d 288 (2d Cir. 2004).......................................................................................9

*Maniscalco v. TAC Americas Comprehensive Healthcare Plan*,
  325 F. Supp. 2d 383 (S.D.N.Y. 2004)........................................................................13

*Marrs v. Motorola, Inc.*,
  577 F.3d 783 (7th Cir. 2009) .....................................................................................9

*Mergel v. Prudential Life Ins. Co. of Am.*,
  2009 WL 2849084 (S.D.N.Y. Sept. 1, 2009).............................................................7

*Miller v. United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995)..............................................................................1, 6, 19

*Mohalley v. Kendall Health Care Products Co.,*
   903 F. Supp. 1530 (M.D. Ga. 1995) ................................................15

*Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,*
   195 F.3d 975 (7th Cir. 1999) ................................................12

*Pretty v. Prudential Life Ins. Co. of Am.,*
   2010 WL 814986 (D. Conn. Mar. 5, 2010) ................................7, 19

*Price v. Xerox Corp.,*
   445 F.3d 1054 (8th Cir. 2006) ................................................13

*Ramsteck v. Aetna Life Ins. Co.,*
   2009 WL 1796999 (E.D.N.Y. June 24, 2009) ........................1, 7, 10

*Reid v. Supershuttle Int'l., Inc.,*
   2010 WL 1049613 (E.D.N.Y. Mar. 22, 2010) ........................8, 20

*Rellou v. JP Morgan Chase Long-Term Disability Plan,*
   2009 WL 3151230, (S.D.N.Y. Sept. 30, 2009) ................................10

*Rubino v. Aetna Life Ins. Co.,*
   2009 WL 910747 (E.D.N.Y. Mar. 31, 2009) ................................9

*Saladin v. Prudential Ins. Co. of Am.,*
   2008 WL 544699 (N.D.N.Y. Feb. 26, 2008) ................................20

*Segerdahl v. Segerdahl Corp. Employee Stock Ownership Plan,*
   2006 WL 1030195 (N.D. Ill. Apr. 17, 2006) ........................13, 14

*Topo v. Dhir,*
   210 F.R.D. 76 (S.D.N.Y. 2002) ................................6, 19

*Tritt v. Automatic Processing, Inc. Long Term Disability Plan Adm'r,*
   2008 WL 5104790 (D. Conn. Dec. 1, 2008) ................................9

*Winz-Byone v. Metropolitan Life Ins. Co.,*
   2007 WL 4276751 (C.D. Cal. Nov. 16, 2007) ................................12

*Yasinoski v. Conn. Gen. Life Ins. Co.,*
   2009 WL 3254929 (E.D.N.Y. Sept. 30, 2009) ................................9

## STATUTES & REGULATIONS

ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ................................................................ *passim*

ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B) ...................................................................5

ERISA § 503, 29 U.S.C. § 1133 .........................................................................................3, 4

29 C.F.R. § 2560.503-1(e) .....................................................................................................12

29 C.F.R. § 2560.503-1(h) .....................................................................................................12

29 C.F.R. § 2560.503-1(m)(4) ...............................................................................................12

*Fed. R. Civ. P.* 26(a) ..............................................................................................................5

*Fed. R. Civ. P.* 26(c) ..........................................................................................................6, 18

*Fed. R. Civ. P.* 26(c)(4) .........................................................................................................19

*Fed. R. Civ. P.* 37 ..................................................................................................................6

## OTHER AUTHORITIES

6 *Moore's Federal Practice* § 26.105[5] (3d ed. 2010).........................................................19

7 *Moore's Federal Practice* § 37.22[2][d] (3d ed. 2010) ........................................................6

**PRELIMINARY STATEMENT**

Plaintiffs, Daniel E. Gill, Thomas G. McDermott, and Jay T. Holmes (collectively "Plaintiffs"), filed suit under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"), seeking additional benefits from the Bausch & Lomb Supplemental Retirement Income Plan I (the "Plan"). Pursuant to the Amended Corrected Decision and Order ("Order"), Rec. Doc. 24, Plaintiffs' sole surviving claim is one for additional benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). As such, Plaintiffs' argument in favor of broad discovery must be rejected because the Court's Order and the applicable ERISA case law limit discovery in this case.

The scope of discovery in ERISA cases brought under § 502(a)(1)(B) is confined generally to the administrative record. The reason for this discovery restriction is to limit judicial review to the record that was before the claims administrator in making its benefits determination. *See, e.g., Ramsteck v. Aetna Life Ins. Co.*, 2009 WL 1796999, at *7 (E.D.N.Y. June 24, 2009) ("the presumption is that judicial review is limited to the record in front of the claims administrator unless the district court finds good cause to consider additional evidence.") (internal quotation and citation omitted). In limited circumstances, a court may expand discovery beyond the administrative record if it finds good cause to consider additional evidence. *See, e.g., Denmark v. Liberty Life Assurance Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009); *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 135 (2d Cir. 2001); *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). Here, Judge Siragusa's Order allowed for limited discovery beyond the administrative record on two, and only two, narrow issues: (i) whether the Compensation Committee was the administrator of the Plan vested with authority to interpret the

Plan and to decide claims; and (ii) whether the Compensation Committee as Plan Administrator was influenced by the conflict of interest specifically identified by Plaintiffs.  Rec. Doc. 24, p. 7.[1]

Defendants have produced the entire administrative record of Plaintiffs' claim for additional benefits (totaling more than 500 pages), and have supplemented that record with the information required by Judge Siragusa's Order and permitted as a matter of ERISA law. Declaration of Nicole Eichberger ("Decl. Eichberger"), Exhibits ("Exs.") A and B, BL-AR 000001-511; BL-LIT 000001-65.   Without any finding of "good cause" by Judge Siragusa, Plaintiffs seek to broaden discovery expansively into areas far beyond those allowed for under Judge Siragusa's Order and ERISA.  Accordingly, the Court should deny Plaintiffs' Motion to Compel and grant Defendants' Motion for Protective Order.

**FACTS AND PROCEDURAL HISTORY**

## I.      FACTUAL BACKGROUND.

Plaintiffs, all former executives of Defendant Bausch & Lomb Incorporated ("B&L"), were the *only* three participants in the Plan.  Rec. Doc. 33-3 p. 2.  Plaintiffs separated from employment with B&L beginning in 1993,[2] and each month since separation in accordance with the Plan's terms, the Plan paid Plaintiffs grossed-up, after-tax retirement benefits.[3]   On

---

[1]      Plaintiffs allege, and for the purposes of this Cross-Motion Defendants do not dispute, that the Plan and the corresponding trust language that allow for the reversion of Plan assets to B&L created a structural conflict of interest. Rec. Doc. 33-3, p. 12 of 27.  As discussed in more detail herein, such a structural conflict of interest does not entitle Plaintiffs to the broad discovery they seek.

[2]      Plaintiff McDermott separated employment from B&L in 1993; Plaintiff Gill separated employment from B&L in 1996; and Plaintiff Holmes separated employment from B&L in 1997. Complaint ("Cmp.") ¶¶ 38-40.

[3]      Prior to the lump sum conversion, Plaintiffs received annual, grossed up, after tax benefits in the form of a monthly annuity.  Mr. Gill's annual, grossed up, after-tax benefit was $574,654.  Mr. Holmes' annual, grossed up, after-tax benefit was $102,694.  Mr. McDermott's

September 21, 2007, the B&L shareholders voted to approve the Warburg Pincus acquisition, triggering the Plan's "Change In Control" provision.  Complaint ("Cmp.") ¶ 46.  The Change in Control provision *protected* Plaintiffs' benefits by mandating that the Plan pay an immediate present-value lump sum amount to each Plaintiff, representing the present-value, actuarial equivalent of each Plaintiffs' monthly annuity.[4]  Decl. Eichberger, Ex. A, BL-AR 000032–000036.  Plaintiffs' only remaining claim in this litigation alleges that the Change in Control provision should not have applied to them; and, in the alternative, if the provision did apply to them, the lump sum payments were not authorized.  Cmp. ¶¶ 80-87; Order, Rec. Doc. 24, p. 10.

The Plan's "Change In Control" provision states that Plaintiffs' monthly annuity payments must be converted to a lump sum upon a merger, acquisition, reorganization, or other specified event, and paid prior to new management's control of B&L using defined mortality and investment return assumptions.  Decl. Eichberger, Ex. A, BL-AR 000032–000036.  Plan Section 13 states:

> *Notwithstanding subsection 5(c) and section 6 hereof,* such benefit … shall be converted to a cash lump sum and paid within 15 days following the Change of Control *utilizing for this purpose the same actuarial assumptions as are utilized in the Bausch & Lomb Retirement Benefits Plan* … during the 90-day period immediately preceding the date of the Change of Control.

Decl. Eichberger, Ex. A, BL-AR 000032 (emphasis added).  In accordance with the unambiguous Plan terms, and following the B&L shareholder approval of the Warburg Pincus

---

annual, grossed up, after-tax benefit was $189,213.  Decl. Eichberger, Ex. A, BL-AR 000044 – BL-AR 000051.

[4]    Contrary to Plaintiffs' assertion, the payment of the lump sum was not an "adverse benefit determination." The Department of Labor regulations and ERISA define "adverse benefit determination" as the plan administrator's decision following the formal submission of a claim for benefits pursuant to ERISA § 503, 29 U.S.C. § 1133.  *See also* Section II(C)(1)(a), *infra.*

acquisition, Plaintiffs each received a single lump sum payment of vested benefits, tax free, calculated in the manner specifically provided for under the Plan: $6,350,098 to Mr. Gill; $1,461,038 to Mr. Holmes; and $2,121,059 to Mr. McDermott. *Id.* at BL-AR 000046-000051.

After Plaintiffs received their lump sum payments, and prior to November 2007, they questioned the conversion process by submitting correspondence to B&L contesting the calculations, the distribution of their lump sum payments, and the Plan's language. *Id.* at BL-AR 000052-000062. At that time, however, Plaintiffs stated explicitly that they had *not* asserted any claims under the Plan pursuant to ERISA § 503. *Id.* at BL-AR 000061. Therefore, exhaustion of the ERISA administrative review process did not commence. Plaintiffs finally submitted a formal claim to the Compensation Committee on November 28, 2007, thereby initiating the administrative process. *Id.* at BL-AR 00003–000008.

## II.   PLAINTIFFS' CLAIM EXHAUSTION AND THE ADMINISTRATIVE RECORD.

On April 14, 2008, following a full review of the Plan's terms and the administrative record, the Compensation Committee denied Plaintiffs' claim for additional benefits. Decl. Eichberger, Ex. A, BL-AR 00106–000113. By letter dated June 12, 2008, Plaintiffs appealed and demanded the production of numerous documents beyond those already provided. *Id.* at BL-AR 000114–000125. On August 8 and 29, 2008, B&L provided additional documents to Plaintiffs and the Compensation Committee. *Id.* at BL-AR 000149–000170; BL-AR 000173–000355. On October 28, 2008 and November 3, 2008, Plaintiffs provided the Compensation Committee with purportedly "new" evidence in support of their arguments on appeal. *Id.* at BL-AR 000427–000504. Following the additional review of Plaintiffs' claims, the Compensation Committee denied Plaintiffs' appeal. *Id.* at BL-AR 000509–000511.

Plaintiffs filed their Complaint on January 29, 2009, asserting two claims under ERISA: first, a claim for additional benefits under ERISA § 502(a)(1)(B); and second, a disclosure claim under ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B).  Cmp. ¶¶ 80-92.  On March 30, 2009, Defendants moved to dismiss the Complaint in its entirety.   Rec. Docs. 11 and 20.   On September 29, 2009, Judge Siragusa dismissed the disclosure claim and permitted the claim for benefits to proceed in order to conduct the limited discovery as to two narrow issues defined in his Order.[5]  Rec. Doc. 24, p. 7, 10.

## III.    THE DISCOVERY DISPUTE.

On November 12, 2009, the Parties exchanged *Fed. R. Civ. P.* 26(a) Initial Disclosures. On November 24, 2009, Plaintiffs propounded their discovery requests.  Rec. Doc. 33-2, Exs. A, B (copies of Plaintiffs' discovery requests).   On December 1, 2009, Defendants supplemented the administrative record with an additional sixty-five (65) pages of documents to address the first narrow issue identified by Judge Siragusa's Order: whether the Compensation Committee was the Plan Administrator vested with authority under the Plan.  As discussed in greater detail below, the supplementary documents, coupled with the Plan, provide all the information possible relevant to demonstrate whether the B&L Board of Directors properly delegated the Compensation Committee with the full authority to administer the Plan.  Decl. Eichberger, Ex. A, BL-AR 000023-000024; Ex. B, BL-LIT 000001-000065.

Defendants served their responses and objections on January 11, 2010; despite the over-breadth of the requests, Defendants identified the information and relevant documents responsive to those limited discoverable areas set by the Court's Order.  Decl. Eichberger, Exs. D, E.  On

---

[5]     Plaintiffs' Motion to Compel frequently references alleged breaches of fiduciary duty, disclosure claims, and other ERISA statutory violations.  Contrary to Plaintiffs' Motion to Compel, the *only* claim pending is one for additional benefits under ERISA § 502(a)(1)(B).  Rec. Doc. 24, p. 10.

March 15, 2010, Plaintiffs filed their Motion to Compel.  Rec. Doc. 33.  Defendants now cross-move for a protective order.

**ARGUMENT**

Defendants oppose Plaintiffs' Motion to Compel because it fails to satisfy *Fed. R. Civ. P.* 37's standard to obtain additional discovery, and seeks discovery beyond the limitations set forth by Judge Siragusa and governing ERISA law.  *See, e.g.*, *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (noting motions to compel cannot impose obligations beyond the range of permissible discovery); *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 227 (E.D.N.Y. 2008); *see also* 7 *Moore's Federal Practice* § 37.22[2][d] (3d ed. 2010) ("a motion to compel must be denied if . . . the discovery sought is not warranted by existing law").  Therefore, Defendants request that a protective order be entered pursuant to *Fed. R. Civ. P.* 26(c) to limit discovery to the issues identified by Judge Siragusa and to prevent Plaintiffs from seeking discovery on any issues and/or claims not previously exhausted.  *See, e.g., Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (when the "potential for abuse of procedure is high, the Court can and should act within its discretion to limit the discovery process").[6]

## I.    THE MOTION TO COMPEL IS WITHOUT MERIT BECAUSE IT IMPROPERLY SEEKS TO EXPAND THE SCOPE OF DISCOVERY.

Contrary to Plaintiffs' arguments, discovery in ERISA benefit claims cases is limited to the administrative record and any narrowly tailored areas identified by the trial court.  *See, e.g., Miller,* 72 F.3d at 1071 ("a district court's review under the arbitrary and capricious standard is

---

[6]    Plaintiffs' Motion to Compel seeks fees and costs.  Rec. Doc. 33.  Here, fees and costs are not warranted.  Prior to November 12, 2009, Defendants informed Plaintiffs that the scope of discovery was disputed.  Decl. Eichberger, Ex. C.  Plaintiffs declined to ask the Court to brief the issue prior to serving their discovery requests.  Defendants have produced documents to Plaintiffs in good faith to comply with the scope of discovery set forth by Judge Siragusa's Order and applicable case law.  Decl. Eichberger, Exs. A-E.

6

limited to the administrative record."); *Kagan v. Unum Provident*, 2009 WL 3486938, at *1

(S.D.N.Y. Oct. 29, 2009) (noting in ERISA cases, "there is no carte blanche to discover evidence

outside the [administrative] record."); *Pretty v. Prudential Life Ins. Co. of Am.*, 2010 WL

814986, at *10 (D. Conn. Mar. 5, 2010) ("district court's review is ordinarily limited to the

administrative record.").  To expand discovery beyond these limited areas, a plaintiff must

demonstrate "good cause."  *E.g., Connors,* 272 F.3d at 135 ("good cause" required even under *de

novo* review); *Ramsteck,* 2009 WL 1796999, at *7 (discussing "good cause" standard to expand

discovery beyond administrative record); *Pretty,* 2010 WL 814986, at *11 (same); *Mergel v.

Prudential Life Ins. Co. of Am.*, 2009 WL 2849084, at *2 (S.D.N.Y. Sept. 1, 2009) (allowing

additional discovery after plaintiff satisfied good cause standard).  Defendants produced the

administrative record and additional documents to close those gaps identified by Judge Siragusa.

Decl. Eichberger, Exs. A and B, BL-AR 000001-511; BL-LIT 000001-65.

> **A.      The Limited Discovery Identified By Judge Siragusa Relating to the Identity
> of the Plan Administrator Has Been Closed By The Supplemental Document
> Production.**

Defendants produced additional documents and information beyond the administrative

record concerning the delegation of authority by the B&L Board of Directors to the

Compensation Committee and the Compensation Committee's role in the administrative review

process.   *Id.*   The Plan grants deferential and discretionary power to the Compensation

Committee pursuant to the following language:

> the Committee shall have authority and discretion to select
> Participants in the Plan, *determine the rights and benefits of
> Participants under the Plan*, establish from time to time
> regulations for the administration of the Plan, *interpret the Plan,
> and make all determinations* deemed necessary or desirable for the
> administration of the Plan.

*Id.* at BL-AR 000022–000023 (emphasis added); Ex. B, BL-LIT 000001-000004.   Defendants have produced the B&L Board of Director Minutes detailing the Compensation Committee's full authority to administer, interpret, and make all determinations necessary for administration of the Plan, including Plaintiffs' claim for additional benefits.   Decl. Eichberger, Ex. B, BL-LIT 000001-000065, at BL-LIT 000004.   Defendants also identified the Compensation Committee members and produced documents demonstrating that the Compensation Committee actually decided Plaintiffs' additional benefits claim.   Decl. Eichberger, Ex. A, BL-AR 000003-000008, 000079-000084, 000091-000096, 000106-000113, 000114-000125, 000356-000358, 000423-000424, 000509-000511; Ex. D; and Ex. E.   Considering these points, there can be no question as to who was the Plan Administrator.   Plaintiffs' discovery requests and arguments on their Motion to Compel obfuscate the fact that there is nothing additional to be produced by Defendants.

In addition, at no time during the administrative review process did Plaintiffs contest the authority of the Compensation Committee.   Decl. Eichberger, Ex. A, BL-AR 000079-000084, 000114-000125, 000356-000358, 000423-000424.[7]   In fact, Plaintiffs conceded that the Compensation Committee had the authority to interpret the Plan and to render a decision as to their claim for additional benefits.   *Id.*; *see id.* at BL-AR 000115.   Consequently no additional discovery regarding these issues is warranted because the documents produced, including Plaintiffs' own correspondence, show that the Compensation Committee was the Plan Administrator vested with authority under the Plan.

---

[7]   As discussed in Section II, *infra*, Plaintiffs may not raise "new" claims not previously exhausted.   *See, e.g., Reid v. Supershuttle Int'l., Inc.*, 2010 WL 1049613, at *8 (E.D.N.Y. Mar. 22, 2010) (dismissing ERISA claims because plaintiff failed to exhaust the claims before the plan administrator, even though defendant did not provide details about plan terms or procedures).

**B.    The Structural Conflict of Interest Alleged by Plaintiffs Does Not Warrant The Unlimited Additional Discovery They Seek.**

Plaintiffs' Motion to Compel seeks excessive discovery based largely upon the argument that their discovery requests relate generally to "conflict of interest" discovery.  However, as a point of critical distinction here, unlike the cases cited in their Motion to Compel, the parties have already identified the conflict of interest as the reversion of any surplus Plan assets to B&L.  Rec. Doc. 24; 33-3, p. 12 of 27.  This is not the case where any additional discovery beyond what has already been provided is required to ascertain the *nature* of the conflict at issue. Indeed the only possible issue that remains pertinent to discovery, as recognized by Judge Siragusa's Order, is *whether* the identified conflict effected the Compensation Committees benefits determination.

ERISA case law consistently holds that a conflict of interest does not *per se* amount to good cause to seek discovery beyond the administrative record and any limited areas identified by the trial court.  *See Locher v. Unum Life Ins. Co.*, 389 F.3d 288, 294-96 (2d Cir. 2004); *Yasinoski v. Conn. Gen. Life Ins. Co.*, 2009 WL 3254929, at *11 (E.D.N.Y. Sept. 30, 2009); *Rubino v. Aetna Life Ins. Co.*, 2009 WL 910747, at *5 (E.D.N.Y. Mar. 31, 2009) ("Plaintiff's contention that there exists a 'structural conflict of interest because Aetna is both the claim insurer and claim administrator' falls far short of satisfying the standard necessary for the court to order discovery outside the administrative record."); *Tritt v. Automatic Processing, Inc. Long Term Disability Plan Adm'r*, 2008 WL 5104790, at *3 (D. Conn. Dec. 1, 2008) ("a conflict of interest does not *per se* constitute 'good cause' to consider evidence outside the administrative record."); *see also Marrs v. Motorola, Inc.*, 577 F.3d 783, 789 (7th Cir. 2009) (noting a conflict of interest "is a given in almost all ERISA cases" and that mere existence of a financial conflict is not helpful to reviewing benefit claims).  Thus, a plaintiff must go beyond alleging a structural, financial conflict of interest to expand discovery beyond the limited areas permitted. *Yasinoski*, 2009 WL

3254929, at *11; *Ramsteck*, 2009 WL 1796999, at *7.

Here, Plaintiffs identified the alleged conflict of interest as the Trust Agreement's reversion clause allowing B&L to reclaim "excess" assets.  Decl. Eichberger, Ex. A, BL-AR 000344, SERP I Trust Agreement, Section 7.2 ("If excess assets remain after all benefits and administrative expenses have been paid, the excess shall be returned to the Company.").  Judge Siragusa's Order permitted discovery only as to how that reversion clause affected the Compensation Committee's decision as to Plaintiffs' November 28, 2007 claim for additional benefits.[8]  Rec. Doc. 24, p. 7.  Consequently, Plaintiffs' Motion to Compel as to discovery requests seeking broad, historical discovery under the cover of "conflict of interest," but unrelated to the specified conflict, is inappropriate.  Plaintiffs are effectively attempting to expand discovery into *any* potential conflict of interest issue, rather than limiting it to the specific conflict of interest identified in their Complaint and Judge Siragusa's Order.  Cmp. ¶¶ 71-73; Rec. Doc. 24, p. 7.

Plaintiffs' argument for broad, historical discovery into information that pre-dated the Compensation Committee's benefits determination is inapplicable to the identified conflict of interest because (i) Plaintiffs were the only three participants in the Plan; (ii) Plaintiffs first and only claim for benefits occurred on November 28, 2007; and (iii) the Compensation Committee, which decided Plaintiffs' claim for additional benefits, was not constituted and conferred authority until *after* the Warburg Pincus merger.  Rec. Doc. 33-3, p. 12 of 27 ("plaintiffs are the only participants in SERP I"); Decl. Eichberger, Ex. A, BL-AR 000003-000008 (November 28,

---

[8]     Defendants note the conflict should be given little weight in this matter because the unambiguous terms of the Change in Control provision required the Compensation Committee to deny Plaintiffs' claims for continued monthly annuity payments.  *See Rellou v. JP Morgan Chase Long-Term Disability Plan*, 2009 WL 3151230, at *7 n.7. (S.D.N.Y. Sept. 30, 2009) (denying additional discovery because even if defendant's conflict of interest strongly influenced its decision to deny plaintiff's claim, the decision was "independently dictated by the plain meaning of the Plan documents.").

2007 claim letter); and Ex. B, BL-LIT 000004 (November 21, 2007 Board Resolution bestowing authority on the Committee).   In short, these undisputed facts clearly establish that even if Plaintiffs were entitled to broad historical discovery (which Defendants dispute) on their identified conflict of interest, no such discovery could exist.   In sum, the broad discovery that Plaintiffs seek to compel Defendants to produce is beyond the scope of Judge Siragusa's Order and the applicable ERISA case law, and their Motion to Compel should be denied.

> **C.     Plaintiffs' Remaining Discovery Requests Do Not Relate To The Gaps Identified By Judge Siragusa.**

Defendants have responded to Plaintiffs' discovery requests, and have produced documents concerning the narrow "gaps" identified by Judge Siragusa.   Decl. Eichberger, Exs. A, B, D, and E.   Plaintiffs' remaining requests improperly seek to expand discovery beyond the issue posed by this litigation:   whether the Compensation Committee abused its discretion in denying Plaintiffs' additional claim for benefits – namely for monthly annuity payments for life rather than a present-value lump sum payment.   Plaintiffs have propounded sixteen requests for the production of documents and nine interrogatories, all premised on Plaintiffs' instructions and definitions of a "relevant time period" defined as "January 1, 1985 through the date of the response" to the discovery requests.   *See* Rec. Doc. 33-2, p. 18 of 79, Plaintiffs' Interrogatories, Instruction No. 1.   As detailed below, the complete administrative record and supplemental document production respond to many of the discovery requests in full, applying an appropriate time period relating to Plaintiffs' November 28, 2007 claim for additional benefits.   The remaining discovery requests are improper and warrant no further response.

1.    *Plaintiffs' Requests For The Production Of Documents Warrant No
Further Response.*

a.    <u>Request For Production Nos. 1, 2, and 8.</u>

Plaintiffs' first, second, and eighth document requests seek materials concerning the denial of Plaintiffs' claim for continued monthly benefit payments following Warburg Pincus' acquisition of B&L.  Rec. Doc. 33-2, pp. 12 & 13 of 79.  Specifically, these document requests seek documents concerning the Compensation Committee's thought process and interpretation of the Plan, *i.e.*, the merits of the benefit determination.  *See also Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 982 (7th Cir. 1999) ("the mental processes of the plan's administrator are not legitimate grounds of inquiry any more than they would be if the decisionmaker were an administrative agency."); *Winz-Byone v. Metropolitan Life Ins. Co.,* 2007 WL 4276751, at *3 (C.D. Cal. Nov. 16, 2007) (plaintiff not entitled to discovery regarding thought processes, only conflict discovery); *Dandridge v. Raytheon Co.,* 2010 WL 376598, at *3 (D.N.J. 2010) ("Though the district court may review extrinsic evidence of a conflict of interest, its determination of the merits still must be based on the administrative record.") (quoting *Ford v. Motorola, Inc.,* 298 F. App'x. 560, 561 (9th Cir. 2008)).  Further, Plaintiffs' Motion to Compel is premised, in part, on their misunderstanding of the term "adverse benefit determination."  Plaintiffs' assertion that an "adverse benefit determination" occurred prior to the submission of their claim for benefits is inconsistent with ERISA, the applicable regulations, and the case law.

An "adverse benefit determination" cannot occur until after a formal claim for benefits is submitted according to ERISA's review procedures.  *See* 29 C.F.R. §§ 2560.503-1(e), 2560.503-1(h) and 2560.503-1(m)(4) (Department of Labor regulations defining "claims" for benefits and "adverse benefit determinations"); *see also Price v. Xerox Corp.,* 445 F.3d 1054, 1056-57 (8th

Cir. 2006) (noting that an "adverse benefit determination" follows the initial denial of a benefit claim); *Maniscalco v. TAC Americas Comprehensive Healthcare Plan,* 325 F. Supp. 2d 383, 388-89 (S.D.N.Y. 2004) (explaining that the initial denial of a claim for benefits in a plan's review process is the 'adverse benefit determination').

In *Price*, the Eighth Circuit conducted a detailed examination of the DOL regulations. *Price*, 445 F.3d at 1056-57. The court concluded that ERISA uses "adverse benefit determination" as a term of art, and the term is only applicable to the decision following an initial claim for benefits. *Id*. at 1057 (rejecting plaintiff's assertion that "adverse benefit determination" could describe a subsequent decision following appeal of an initial benefit denial). Thus, a plan participant must submit a claim for benefits, then the plan administrator must review the claim, and an "adverse benefit determination" flows from this process.

In their November 2, 2007 letter, Plaintiffs stated: "**We have not asserted any claims under the SERP I plan thus far** . . . [t]here is no reason that the present controversy cannot be resolved now, **without initiating formal claims under the SERP I plan**, and we hope the Company would want to do that." Decl. Eichberger, Ex. A, BL-AR 000061-000062 (emphasis added). Plaintiffs' explicit statement that they had not filed a formal claim for benefits means that the ERISA administrative exhaustion process was not triggered prior to November 2, 2007. *See Segerdahl v. Segerdahl Corp. Employee Stock Ownership Plan*, 2006 WL 1030195, at *5-7 (N.D. Ill. Apr. 17, 2006) (collecting cases) (content of attorney letter "must be reasonably calculated" to trigger claims review process).

On November 28, 2009, Plaintiffs submitted a formal claim letter to the "Committee on Management or Successor Committee." Decl. Eichberger, Ex. A, BL-AR 000003-000008. This letter triggered the Plan's claims review procedure: the Compensation Committee reviewed and

13

denied Plaintiffs' claims. *Id.* at BL-AR 000106-000109. Because an "adverse benefit determination" cannot occur until after the plan administrator makes a determination on an actual claim, Plaintiffs' failure to initiate the claims review process until November 28, 2007 means that no "adverse benefit determination" occurred in this matter prior to that date. *See Segerdahl*, 2006 WL 1030195, at *5-7 (holding that attorney's early letters to the company merely requested information; the letters were not sufficient to initiate formal ERISA claims procedure).

Defendants have produced the administrative record, which contains all documents and communications relied upon in making the "adverse benefit determination." Decl. Eichberger, Ex. A, BL-AR 000001-000511; Exs. D, E. Therefore, no additional discovery is warranted with respect to Plaintiffs' Request for Production Nos. 1, 2 and 8, and Plaintiffs' Motion to Compel should be denied.

b.  Request For Production Nos. 3 and 4.

Plaintiffs' Motion to Compel as to their third and fourth requests for production of documents concern the procedures governing the administrative review process. Rec. Doc. 33-2, p. 12 of 79. Plaintiffs received a copy of the administrative review procedures during the exhaustion process. This document was produced as part of the administrative record. Decl. Eichberger, Ex. A, BL-AR 000093-00096; Exs. D, E. Any discovery beyond the production of the actual procedures themselves is beyond the scope of Judge Siragusa's Order and the limited discovery permitted with respect to claims filed under ERISA § 502(a)(1)(B). Rec. Doc. 24, p. 7. Therefore, Plaintiffs' Motion to Compel as to Request Numbers 3 and 4 should be denied.

c.  Request For Production No. 5.

Plaintiffs' Motion to Compel as to their fifth request seeks the production of any summary plan description ("SPD") for the Plan. Rec. Doc. 33-2, p. 12 of 79. To date,

Defendants have produced the Plan and responded that the Plan is the governing document serving as the SPD as well, which is permitted under ERISA.  Decl. Eichberger, Ex. A, BL-AR 000022-000037; Exs. D, E.  *See Mohalley v. Kendall Health Care Products Co.,* 903 F. Supp. 1530, 1535 (M.D. Ga. 1995) (noting SPD can function as the plan); *Campbell v. Chevron Phillips Chemical Co.*, 587 F. Supp. 2d 773, 781-82 (E.D. Tex. 2006) (noting one document can serve as both the Plan and the SPD).  Therefore, any further discovery as to Request Number 5 is not warranted, and Plaintiffs' Motion to Compel as to Request Number 5 should be denied.

d.      Request For Production Nos. 6, 12, 13 and 14.

Plaintiffs' Motion to Compel as to their sixth, twelfth, thirteenth, and fourteenth requests seek the identity of Compensation Committee members, documents concerning the creation of the Committee, and delegation of authority to the Committee.  Rec. Doc. 33-2, p. 13 & 14 of 79.  Defendants have identified the three Compensation Committee members, provided the documents that established the Compensation Committee as the plan administrator, and the delegation of authority to the Compensation Committee.  Decl. Eichberger, Ex. A, BL-AR 000023-00024; BL-LIT 000001-000004; Exs. D, E.  Any further discovery beyond what Defendants have produced to date conflicts with Judge Siragusa's Order and governing ERISA case law.  Thus, Plaintiffs' Motion to Compel as to Requests 6, 12, 13 and 14 should be denied.

e.      Request For Production No. 7.

Plaintiffs' Motion to Compel as to their seventh request concerns the calculation of the lump sum payments made to Plaintiffs.  Rec. Doc. 33-2, p. 13 of 79.  During the exhaustion process, Plaintiffs were provided benefit calculation worksheets.  Decl. Eichberger, Ex. A, BL-AR 000032–000036; Exs. D, E.  These worksheets were produced as part of the administrative record.  With respect to Request Number 7, Plaintiffs have not proffered any good cause

arguments as to why discovery beyond Judge Siragusa's Order and the administrative record is warranted.  Therefore, Plaintiffs' Motion to Compel as to Request Number 7 should be denied.

f. <u>Request For Production Nos. 9 and 16.</u>

Plaintiffs' Motion to Compel as to their ninth and sixteenth requests concern the relationship between B&L and Warburg Pincus.  Rec. Doc. 33-2, p. 13 & 14 of 79.  The requests seek discovery beyond the narrow "gaps" identified by Judge Siragusa in his Order and beyond discovery permitted in ERISA § 502(a)(1)(B) cases; thus, no additional discovery is warranted.

g. <u>Request For Production Nos. 10 and 15.</u>

Plaintiffs' Motion to Compel as to their tenth and fifteenth requests concern amendments to the Plan.  Rec. Doc. 33-2, p. 13 & 14 of 79.  The Plan in effect during the claim review process was produced.  Decl. Eichberger, Ex. A, BL-AR 000022-000037; Exs. D, E.  Defendants have produced the administrative record.  *Id.* at Ex. A, BL-AR 000001-000511.  No further discovery as to Requests 10 and 15 is warranted, and Plaintiffs' Motion to Compel should be denied.

h. <u>Request For Production No. 11.</u>

Plaintiffs' Motion to Compel as to their eleventh request concerns the vesting of each Plaintiffs' rights under the Plan.  Rec. Doc. 33-2, p. 13 of 79.  The Plan has been produced, no additional documents supersede the Plan regarding Plaintiffs' rights under the Plan; moreover, the requests seek discovery beyond the narrow "gaps" identified by Judge Siragusa and permitted with respect to ERISA § 502(a)(1)(B).  Decl. Eichberger, Ex. A, BL-AR 000022-000037; Exs. D, E.  No additional discovery is warranted, and Plaintiffs' Motion to Compel should be denied.

16

2.      *Plaintiffs' Interrogatories Warrant No Further Response.*

a.      <u>Interrogatories 1, 2, 6, 7 and 8.</u>

Plaintiffs' Motion to Compel as to their first, second, sixth, seventh, and eighth Interrogatories mirror the sixth, twelfth, thirteenth, and fourteenth document requests concerning the identity of the Plan Administrator and/or the Compensation Committee members.  Rec. Doc. 33-2, p. 19 & 20 of 79.  Defendants have identified the three Compensation Committee members, and provided the documents that established the Compensation Committee as the Plan Administrator, and the delegation of authority to the Compensation Committee.  Decl. Eichberger, Ex. A, BL-AR 000023-00024; BL-LIT 000001-000004; Exs. D, E.  Any further discovery beyond what Defendants have produced to date conflicts with Judge Siragusa's Order and governing ERISA case law.  Thus, Plaintiffs' Motion to Compel as to Interrogatories 1, 2, 6, 7, and 8 should be denied.

b.      <u>Interrogatories 3 and 9.</u>

Plaintiffs' Motion to Compel as to their third and ninth Interrogatories seek legal conclusions and/or thought processes regarding the Plan's unambiguous language.  Rec. Doc. 33-2, p. 19 & 20 of 79.  The Plan speaks for itself.  *See also* FN 11, *supra*, explaining that "merits" discovery is not allowed.  As stated previously, Plaintiffs were provided the Plan and the Compensation Committee's interpretation and application of the Plan's terms during the exhaustion process.  Decl. Eichberger, Ex. A, BL-AR 000022-000037, 000106-000113, 000509-000511; Exs. D, E.  Defendants provided Plaintiffs with the administrative record and the appropriate delegation of authority documents.  *Id.* at Ex. A, BL-AR 000001-000511; Ex. B, BL-LIT 000001-000004, Exs. D, E.  Any further discovery as to Plaintiffs' Interrogatories 3 and 9 exceeds the limited scope set by Judge Siragusa in his Order and goes beyond the limited discovery permitted in ERISA § 502(a)(1)(B) cases.  Therefore, Plaintiffs' Motion to Compel as

17

to Interrogatories 3 and 9 should be denied.

c.     <u>Interrogatories 4 and 5.</u>

Plaintiffs' Motion to Compel as to their fourth and fifth Interrogatories mirror their seventh document request, concerning the calculation of the lump sum benefit amounts. Rec. Doc. 33-2, p. 19 of 79. During the exhaustion process, Plaintiffs were provided with their benefit calculation worksheets. Decl. Eichberger, Ex. A, BL-AR 000032–000036; Exs. D, E. These worksheets were produced as part of the administrative record. With respect to Interrogatories 4 and 5, Plaintiffs have not proffered any good cause arguments to expand the scope of discovery beyond Judge Siragusa's Order and the administrative record. Therefore, Plaintiffs' Motion to Compel as to Interrogatories 4 and 5 should be denied.

In sum, Defendants have produced the administrative record and documents responsive to the narrow gaps identified by Judge Siragusa in his Order. Decl. Eichberger, Exs. A, B, D, E. As stated recently by the First Circuit, "ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator. Because full-blown discovery would reconfigure that record and distort judicial review, courts have permitted only modest, specifically targeted discovery in such cases." *Denmark*, 566 F.3d at 10. In this case, the "gaps" identified by Judge Siragusa have been closed by Defendants' supplemental document production. Plaintiffs' attempt to obtain further discovery not related to the "gaps" is unwarranted, without good cause, and Plaintiffs' Motion to Compel should be denied.

## II.    A PROTECTIVE ORDER IS WARRANTED UNDER *FED. R. CIV. P.* 26(c).

In addition to opposing Plaintiffs' Motion to Compel, and pursuant to *Fed. R. Civ. P.* 26(c), Defendants cross-move for a protective order to limit discovery to the "gaps" identified by Judge Siragusa and to prevent Plaintiffs from seeking discovery on any issues and/or claims not

18

previously exhausted during the administrative process. *See, e.g., Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (when the "potential for abuse of procedure is high, the Court can and should act within its discretion to limit the discovery process"); 6 *Moore's Federal Practice* § 26.105[5] (3d ed. 2010) ("when discovery relates to irrelevant matters, the courts have . . . use[d] Rule 26(c)(4) to circumscribe the scope of discovery"). Here, Plaintiffs' discovery requests and Motion to Compel demonstrate that Plaintiffs have pursued discovery beyond the limitations set by Judge Siragusa's Order and beyond what they raised during the exhaustion process. Thus, a protective order is warranted.

Where, as here, the matter concerns a claim for benefits under ERISA § 502(a)(1)(B), discovery is limited automatically because of ERISA's administrative exhaustion requirement. *See, e.g., Miller*, 72 F.3d at 1071. ERISA's administrative exhaustion requirement was designed to provide a method to resolve benefit disputes inexpensively and expeditiously; permitting expansive discovery would seriously impair the achievement of that goal. *Id.*; *Daniel v. UnumProvident Corp.*, 261 F. App'x. 316, 318 (2d Cir. 2008); *Pretty*, 2010 WL 814986, at *10. Thus, courts may order limited discovery beyond the administrative record to fill in any gaps, but that discovery should be tailored narrowly and not re-open the matter to the flood gates of discovery under the Federal Rules of Civil Procedure. *E.g., Kagan*, 2009 WL 3486938, at *1 (noting discovery under the Federal Rules of Civil Procedure does not apply in ERISA cases because "[t]he applicable standard of review impacts the scope of discovery.").

Plaintiffs' Motion to Compel seeks to push the scope of discovery well beyond the issues identified in Judge Siragusa's Order. Rec. Doc. 33. For example, Plaintiffs seek discovery on such topics of vesting and whether a change in control occurred, which Plaintiffs did not contest – even at the Motion to Dismiss stage. *See, e.g.*, Rec. Doc. 33-2, p. 13 of 79, Plaintiffs'

19

Document Request No. 11 (requesting documents concerning vesting dates; Plaintiffs' status as vested participants has not been an issue in this matter) *as compared to* the Complaint, Rec. Doc. 1 and Opposition to Defendants' Motion to Dismiss, Rec. Doc. 18.

As a matter of law, the expansive discovery sought by Plaintiffs is not permitted because new issues or claims may not be asserted where plaintiffs failed to raise those issues and/or claims during the exhaustion process. *See, e.g., Reid v. Supershuttle Int'l., Inc*., 2010 WL 1049613, at *8 (E.D.N.Y. Mar. 22, 2010) (dismissing ERISA claims because plaintiff failed to exhaust the claims before the plan administrator, even though defendant did not provide details about plan terms or procedures); *Saladin v. Prudential Ins. Co. of Am*., 2008 WL 544699, at *3-4 (N.D.N.Y. Feb. 26, 2008) (dismissing ERISA claims for failure to exhaust).  Here, Plaintiffs' discovery requests, and corresponding Motion to Compel, seek discovery on issues that were never raised during the administrative process.  Because Plaintiffs failed to exhaust certain claims, Plaintiffs may not seek discovery on those unexhausted issues.

Thus, it is with good cause that Defendants request a protective order, limiting the scope of discovery to the two discrete "gaps" identified by Judge Siragusa and prohibiting discovery beyond those issues and/or claims raised by Plaintiffs during the exhaustion of their administrative remedies.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion to Compel, and corresponding request for fees and costs, should be denied in its entirety, and Defendants' Cross-Motion for Protective Order should be granted.

DATED this 12th day of April, 2010.

Respectfully submitted,

PROSKAUER ROSE LLP
By:  */s/ Nicole A. Eichberger*
Howard Shapiro (*admitted pro hac vice*)
Nicole A. Eichberger (*admitted pro hac vice*)
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, Louisiana 70130
Telephone:  (504) 310-4088
Fax: (504) 310-2022

--AND--

David Rothenberg
GEIGER AND ROTHENBERG, LLP
800 Times Square Building
45 Exchange Street
Rochester, New York  14614
Telephone:  (585) 232-1946

*Attorneys for Defendants*

21