UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL E. GILL, THOMAS C.
McDERMOTT, and JAY T. HOLMES,

       Plaintiffs,

    -vs-

BAUSCH & LOMB SUPPLEMENTAL
RETIREMENT INCOME PLAN I, BAUSCH &
LOMB INCORPORATED and COMPENSATION
COMMITTEE OF THE BAUSCH & LOMB
BOARD OF DIRECTORS,

  Defendants.

**DECISION AND ORDER**
**No. 6:09-CV-6043(MAT)**

---

**I. Introduction**

On March 3, 2014, this Court issued a Decision and Order denying Defendants' Motion for Summary Judgment and granting Plaintiffs' Motion for Summary Judgment. The Court found, in pertinent part, that the issuance of lump sum payments to Plaintiffs, and the corresponding discontinuance of their monthly benefit payments under the Bausch & Lomb Supplemental Retirement Income Plan I, violated the Employee Retirement Income Security Act.

On March 19, 2014, Plaintiffs filed a Motion for Attorneys' Fees (Dkt ##76, 77). On April 2, 2014, Defendants filed a Notice of Appeal (Dkt #78) with the United States Court of Appeals for the Second Circuit. Also on April 2, 2014, Defendants filed a Motion to Stay Enforcement of the Judgment Pending Appeal (Dkt #79) and a

Motion to Defer a Ruling on Plaintiffs' Application for Attorneys' Fees (Dkt #80). The Court issued a scheduling order directing that Plaintiffs' responses to these two motions be filed by noon on April 8, 2014. Plaintiffs timely filed their opposition papers to Defendants' motions, which are now fully submitted and ready for decision.

For the reasons discussed below, Defendants' Motion to Stay Enforcement of the Judgment Pending Appeal is denied; Defendants' Motion to Defer a Ruling on Plaintiffs' Application for Attorneys' Fees is granted; and Plaintiffs' Motion for Attorneys' Fees is denied without prejudice to their right to refile after completion of the appellate proceedings before the Second Circuit.

**II. Discussion**

    **A.   Defendants' Motion to Defer a Ruling on Plaintiffs' Motion for Attorneys' Fees**

Though Defendants have filed a notice of appeal, this Court retains jurisdiction over Plaintiffs' application for attorneys' fees. See, e.g., Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees.") (citations omitted). However, the Court is not required to resolve this motion before the appeal is completed. Where the losing party takes an appeal on the merits of case, the district court has the discretion to defer ruling on the prevailing party's motion for attorney's

fees. See 1993 Advisory Committee Notes to FED. R. CIV. P. 54(d) (stating that "if an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice directing under subdivision (d)(2)(B) [of Rule 54] a new period for filing after the appeal has been resolved").

As Plaintiffs note, Rule 54(d)(2) "permits the court, where appropriate, to make a quick resolution of the fee motion so that any appeal of that issue might be consolidated with an appeal of the merits." 10 MOORE'S FEDERAL PRACTICE-CIVIL § 54.151. However, immediate resolution of the collateral issue of whether Plaintiffs are entitled to attorneys fees "is unlikely to assist the Court of Appeals." Dulin v. Board of Com'rs of Greenwood Leflore Hosp., Civ. A. No. 4:07-CV-194-A-V, 2013 WL 5464689, at *2 (N.D. Miss. Sept. 30, 2013). As Defendants point out, if they are successful on appeal, this will moot Plaintiffs' motion for attorneys' fees because Plaintiffs no longer will be prevailing parties entitled to such fees. Thus, deferring a ruling on Plaintiffs' motion for attorneys' fees until the Second Circuit resolves Defendants' appeal ensures that this Court only has to address the motion for attorneys' fees by the party that ultimately prevails. Under these circumstances, the Court finds that delaying resolution of Plaintiffs' request for attorneys' fees until Defendants' appeal on the merits has been decided is the "more prudent course of action." Dulin, 2013 WL 5464689, at *2 (denying plaintiff's motion for

attorneys' fees without prejudice to his right to refile after a merits ruling on the appeal "[i]n order to avoid the piecemeal litigation that would necessarily follow from ruling on [p]laintiff's request prior to a decision on the second appeal of th[e] matter").

### B. Defendants' Motion to Stay Enforcement of the Judgment

A party seeking a stay of enforcement of a judgment pending appeal can obtain a stay as matter of right under Rule 62(d) of the Federal Rules of Civil Procedure by posting a supersedeas bond to secure the amount of the judgment. FED. R. CIV. P. 62(d); see also De la Fuente v. PCI Telecommunications, Inc., 269 F. Supp.2d 237, 240 (S.D.N.Y. 2003) (citing 11 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2905, 520 (1995)).

Here, Defendants seek a stay of the Court's judgment without being required to post a supersedeas bond. Before granting such a request, the Court first must consider "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." De la Fuente, 269 F. Supp.2d at 240 (citing Hilton v. Braunskill, 481 U.S. 770, 777 (1987); other citation omitted). Each of these requirements must be "applied flexibly according to the unique circumstances of each case." Morgan Guar. Trust Co. of N.Y. v. Republic of Palau, 702 F. Supp. 60, 65

(S.D.N.Y. 1988), vacated on other grounds, 924 F.2d 1237 (2d Cir. 1991) (citation omitted). Because a supersedeas bond is designed to protect the appellee, the party seeking the stay without bond has the burden of "objectively demonstrat[ing]" why the court should "depart from the usual requirement of a full security supersedeas bond to suspend operation of an unconditional money judgment." Teachers Ins. & Annuity Assoc. of Am. v. Ormesa Geothermal, No. 87 Civ. 1259(KMW), 1991 WL 254573, at *3 (S.D.N.Y. Nov. 21, 1991) (quoting Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979)); see also Palazzetti Import/Export, Inc. v. Morson, No. 98 Civ. 722(FM), 2002 WL 562654, at *3 (S.D.N.Y. Apr. 16, 2002).

Defendants argue that they are entitled to a stay without bond because no immediate payments of benefits will be due to Plaintiffs, given that Defendants are entitled a credit for the lump-sum payments already paid. Defendants calculate that the earliest any payment would be due to Plaintiffs is sometime in 2018, which they estimate will be long past the completion of any appellate proceedings. That may be true, but the caselaw is clear that the party seeking a stay without posting bond bears the burden of establishing its entitlement to such relief which Defendants have not done. As Plaintiffs point out, Defendants have not addressed whether the posting of a bond during the pendency of their appeal would cause them "irreparable harm", and their failure to offer specific and substantiated reasons as to this factor is

sufficient to deny their request. See <u>E.E.O.C. v. Everdry Mktg. & Mgmt., Inc.</u>, No. 01-CV-6329P, 2008 WL 4514890, at *2 (W.D.N.Y. Oct. 2, 2008) ("EMM simply states in conclusory fashion that although it may be able to obtain the funds necessary to post the bond, 'doing so would deplete the organization of assets used to ensure the normal conduct of business during what could be a two to three year appellate process.' Such unsubstantiated assertions are insufficient to satisfy EMM's burden (citations omitted; internal citation to record omitted).

**IV. Conclusion**

For the reasons discussed above, the Court **grants** Defendants' Motion to Defer Ruling on Plaintiffs' Application for Attorneys' Fees. Plaintiffs' Motion for Attorneys' Fees accordingly is **denied without prejudice to their right to re-file** such motion no later than fourteen (14) days after the date a ruling on the merits of Defendants' appeal by the United States Court of Appeals for the Second Circuit is entered on the docket of the Western District of New York.

The Court **denies** Defendants' Motion to Stay Enforcement of the Judgment.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: April 10, 2014
Rochester, New York