```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
DANIEL E. GILL, THOMAS C.
McDERMOTT, and JAY T. HOLMES,           DECISION AND ORDER
                                        No. 6:09-CV-6043(MAT)
          Plaintiffs,
     -vs-

BAUSCH & LOMB SUPPLEMENTAL
RETIREMENT INCOME PLAN I, BAUSCH &
LOMB INCORPORATED, and COMPENSATION
COMMITTEE OF THE BAUSCH & LOMB
BOARD OF DIRECTORS,

          Defendants.
```
___

**I.   Introduction**

This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA"). On April 13, 2015, the Court issued a Decision and Order (Dkt #91) granting Plaintiffs' Motion for Attorney Fees and Related Expenses (Dkt #86) in its entirety. The Court ordered that no portion of the ultimate award of attorney's fees and expenses shall be paid with assets held by the Bausch & Lomb Supplemental Retirement Income Plan ("SERP I"). The Court further ordered that defendant Bausch & Lomb ("B&L") shall be required to pay the full amount of any attorney's fees and related expenses awarded to Plaintiffs. As an initial award, the Court ordered that B&L shall pay, in full, the amount requested by Plaintiffs of $730,106.30, which represented the fees and expenses incurred up to the filing of Plaintiffs' motion (Dkt #86). The Court granted Plaintiffs' request to submit a supplemental affidavit regarding the

calculation of interest and the additional attorney's fees and related expenses incurred after the filing of Plaintiffs' motion.

On April 20, 2015, Plaintiffs filed an Affidavit (Dkt #92) detailing the additional work performed by their attorneys following the filing of the initial motion for attorney's fees. Plaintiffs seek a total of $33,585.00 in attorney's fees and no expenses or disbursements. See Affidavit of Harold Kurland, Esq., ¶¶ 4-10 (Dkt #92). Plaintiffs also submitted a Memorandum of Law (Dkt #93) regarding the calculation of interest. Plaintiffs assert that prejudgment interest should be awarded at the New York statutory interest rate for the period through the granting of summary judgment by this Court, and that, thereafter, interest should be calculated according to the rate applicable to federal judgments. Defendants have not submitted any papers in opposition to Plaintiffs' most recent filings. Accordingly, the Court deems the matter submitted.

**II. Discussion**

    **A.   Prejudgment Interest on Attorney's Fee Award**

Plaintiffs assert that they are entitled prejudgment interest on this Court's award of attorney's fees, and they rely on Jones v. UNUM Life Ins. Co. v. America, 223 F.3d 130 (2d Cir. 2000), for the proposition that "[i]n a suit to enforce a right under ERISA, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court." Id. at (citations omitted); see also Wickham Contracting Co., Inc. v.

Local Union No. 3, IBEW, 955 F.2d 831, 833-34 (2d Cir. 1992) ("Wickham"). In Wickham, the Second Circuit explained that the decision to award prejudgment interest "should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." 955 F.2d at 833-34. However, Wickham and Jones addressed the courts' ability to exercise discretion in awarding prejudgment interest generally, and these cases do no specifically address the propriety of awarding prejudgment interest on an award of attorney's fees. Nevertheless, the Second Circuit's rubric, as articulated in Wickham, e.g., has been applied in the specific context of attorney's fees. Prince of Peace Enterprises, Inc. v. Top Quality Food Market, LLC, No. 07 CIV. 349 LAP, 2015 WL 456645, at *4 (S.D.N.Y. Feb. 3, 2015) ("Prince of Peace") (citing Barcia v. Sitkin, Nos. 79 Civ. 5831(RLC), 79 Civ. 5899(RLC), 1997 WL 66785, at *3-*4 (S.D.N.Y. Feb. 14, 1997) (applying Wickham factors to request for prejudgment interest on attorney's fee award in civil rights action).

In the context of court-awarded attorney's fees setting, courts have found prejudgment interest on such fees appropriate where they are "the sole means of compensation for counsel and interest is necessary to bridge any gap associated with lost time value of money and/or opportunity cost, or to incentivize certain

types of litigation[,]" Prince of Peace, 2015 WL 456645, at *4, i.e., "'civil rights litigation,' the setting in which awarding prejudgment interest on attorney's fees is a generally accepted practice." Id. (citing Missouri v. Jenkins, 491 U.S. 274, 282-83 (1989) (holding that Eleventh Amendment did not prohibit enhancement of fee award under Civil Rights Attorney's Fees Awards Act against state to compensate for delay in payment; a district court may consider the delay in payment as one factor in determining an appropriate award of attorney's fees); other citation omitted). In such cases, "delays in payment discourage attorneys from accepting" them, thereby "frustrating the goal of private enforcement of federal laws." Sherwood Brands of R.I., Inc. v. Smith Enters., Inc., No. Civ.A. 00–287T, 2003 WL 22061871, at *2 (D. R.I. Mar. 31, 2003) ("Sherwood Brands") (citing Jenkins, 491 U.S. at 282-83; Smith v. Village of Maywood, 17 F.3d 219, 221 (7th Cir. 1994)). However, that rationale does not apply in cases such as the present one, where the parties pay counsel on an hourly basis, using their own funds. Id.; see also Prince of Peace, 2015 WL 456645, at *4 (Lanham Act case; noting that award of attorney's fees was "not, as in the civil rights context, the only means by which . . . counsel [was] compensated" and "accordingly there [was] no need to compensate counsel on the basis of lost time value of money or opportunity cost").

After reviewing the caselaw, it is apparent that prejudgment interest on attorney's fees is "clearly not the norm." Data Gen.

Corp. v. Grumman Sys. Support Corp., 825 F. Supp. 361, 368 (D. Mass.1993); accord, e.g., Prince of Peace, 2015 WL 456645, at *4.[1] As the district court in Sherwood Brands noted, calculating interest on an award of attorney's fees "would present formidable practical problems" because such fees "are incurred incrementally over a period of time[,]" making it "extremely difficult to calculate interest on each component of the total fee." 2003 WL 22061871, at *2 (citation omitted); see also Prince of Peace, 2015 WL 456645, at *4.

The Court finds the reasoning of the foregoing cases persuasive, and declines to exercise its discretion to award prejudgment interest on the award of attorney's fees to Plaintiffs. See, e.g., Sherwood Brands, 2003 WL 2061871, at *2-*3; Prince of Peace, 2015 WL 456645, at *5.

## B. Post-Judgment Interest

Under Section 1961 of Title 28, "[t]he award of post-judgment interest is mandatory under 28 U.S.C. § 1961." Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614, 619 (2d Cir. 1996). Courts within the Second Circuit have considered judgments awarding attorneys' fees to constitute money judgments and, accordingly, have awarded post-judgment interest on such awards. Moran v. Sasso,

---

[1] A number of federal courts have denied motions for prejudgment interest on awards of attorney's fees in intellectual property cases. See, e.g., Prince of Peace, 2015 WL 456645, at *4 (Lanham Act); Sherwood Brands, 2003 WL 22061871, at *2 (Lanham Act); Fantasy Inc. v. Fogerty, C.A., No. 85-4929-SC, 1995 WL 261504, at *8 (N.D. Cal. May 2, 1995) (Copyright Act); Data Gen. Corp., 825 F. Supp. at 368-69 (Copyright Act).

No. CV-05-4716, 2009 WL 1940785, at *6 (E.D.N.Y. June 17, 2009) (citing Nicholson v. Williams, No. 00 CV 2229, 2004 WL 4760138, at *3-*4 (E.D.N.Y. Oct. 25, 2004) ("An award of attorneys' fees is considered a 'money judgment' and is treated in the same manner as any other money judgment."); see also Associated Gen'l Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 485 (6th Cir. 2001) (finding that the phrase, "any money judgment," in 28 U.S.C. § 1961 includes a judgment awarding attorney's fees) (citation omitted). The Court agrees that Plaintiffs are entitled to post-judgment interest on their award of attorney's fees.

Pursuant to Section 1961, post-judgment interest is "calculated from the date of the entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). "The Second Circuit has not yet established whether post-judgment interest runs from 1) the date a court determined a party was entitled to attorneys' fees or 2) the date of entry of the judgment determining the exact amount of fees." Automobile Club of N.Y., Inc. v. Dykstra, No. 04 Civ. 2576(SHS), 2010 WL 3529235, at *5 (S.D.N.Y. Aug. 24, 2010); see also King v. JCS Enters., Inc., 325 F. Supp.2d 162, 175 (E.D.N.Y. 2004) (citation omitted). "The majority approach by the Fifth, Eighth, and Federal Circuits concludes that interest should accrue from the date the party becomes entitled to the award even if that award is

-6-

not quantified until a later point." Albahary v. City and Town of Bristol, Conn., 96 F. Supp.2d 121, 123 (D. Conn. 2000) (collecting cases). The minority approach, employed by the Seventh and Tenth Circuits, holds that interest should only run from the date of quantification because, before that time, the plaintiff's claim for unpaid attorney's fees "is unliquidated and therefore is not a 'money judgment' for purposes of Section 1961." Id. (collecting cases).

Plaintiffs argue that the Court should utilize, as a starting point, the date that this Court entered summary judgment in their favor. Although the Court determined Defendants' liability in that Decision and Order, it did not make any determination that Plaintiffs were entitled to attorney's fees. No such ruling was made until this Court issued its April 13, 2015 Decision and Order, at which time the Court initially quantified the amount of the attorney's fee award. In other words, the date that this Court determined Plaintiffs were entitled to attorney's fees was the same date it determined "the exact amount of fees," at least up to and including the date Plaintiffs filed their motion for attorney's fees.[2] Specifically, the Court ruled that B&L shall be required to

---

[2] This is not out of step with the test employed by one of the Circuits that employs the majority rule for determining the accrual of post-judgment interest under Section 1961. See Copper Liquor, Inc. v. Adolph Coors Co., 701 F.2d 542, 545 (5th Cir. 1983) ("If a judgment is rendered that does not mention the right to attorneys' fees and the prevailing party is unconditionally entitled to such fees by statutory right, interest will accrue from the date of judgment. If, however, judgment is rendered without mention of attorneys' fees, and the allowance of fees, is within the discretion of the court, interest will accrue only from the date the court recognizes the right to such fees in a judgment."). In the present case, Plaintiffs were not unconditionally entitled to attorney's

-7-

pay the full amount requested to date of $730,106.30, which represented the fees and expenses incurred up to the filing of Plaintiffs' motion. Plaintiffs are entitled to interest at the rate set forth in 28 U.S.C. § 1961 on $730,106.30, calculated from April 13, 2015.[3]

With regard to the additional amount of attorney's fees requested of $33,585.00, Defendants have not objected to the amount's reasonableness. Plaintiffs are entitled to the full amount, which B&L shall be required to pay in its entirety. Plaintiffs are entitled to interest at the rate set forth in 28 U.S.C. § 1961. For ease of calculation, and because the Court ruled that Plaintiffs were entitled to motion-related attorney's fees on April 13, 2015, although the amount was not quantified, the date of interest on the additional award shall be calculated from April 13, 2015.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' request for prejudgment interest on any award of attorney's fees is denied.

As the Court ruled in its April 13, 2015 Decision and Order, Plaintiffs are entitled to attorney's fees and costs in the amount

---

fees; rather, it was a decision left to the Court's discretion.

[3] Using April 13, 2015, as the "date of judgment", the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" (i.e., the week ending April 10, 2015), is 0.22 percent. See http://www.federalreserve.gov/releases/h15/20150413/#fn10 (last accessed May 5, 2015).

of $730,106.30, which represented the fees and expenses incurred up to the filing of Plaintiffs' motion. B&L shall be required to pay the full amount of $730,106.30, which is subject to postjudgment interest, accrued in accordance with 28 U.S.C. § 1961, at a rate of 0.22 percent, see n.3, supra, from April 13, 2015, until the award is paid in full.

Plaintiffs are entitled to additional attorney's fees and costs in the amount of $33,585.00, which represents the fees and expenses incurred in the filing of Plaintiffs' motion for attorney's fees. B&L shall be required to pay the full amount of $$33,585.00. This additional award is subject to postjudgment interest, accrued in accordance with 28 U.S.C. § 1961, at a rate of 0.22 percent, see n.3, supra, from April 13, 2015, until the award is paid in full.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   May 6, 2015
         Rochester, New York